OPINION AND ORDER
JENNY LEE KRONE, LTBB Associate Judge.
Procedural History
On March 25, 2011, Plaintiff Tribal Chairman, Ken Harrington, filed a Summons and Complaint and Request for In-junctive Relief, challenging the constitutionality of the Little Traverse Bay Bands of Odawa Indians (LTBB) Tribal Council’s passage of the WOS 2010-021 Gaming Delegation and Authority Statute (which he signed into law the next day), Certificate of Service, and 3-25-11 Memorandum from Ken Harrington to the Tribal Council,[1] and paid a $25.00 filing fee. Just above the caption for the complaint and request for injunctive relief, Plaintiff Ken Harrington wrote “With this complaint I request the court join my case with case C-098-1210.”[2]
On April 21, 2011, Attorney Donna Bud-nick filed an Appearance on behalf of the Defendant, Answer and Affirmative Defenses, Motion to Dismiss Under LTBBRCP XVI, Brief in Support of Motion to Dismiss Under LTBBRCP XVI, Notice of Hearing, Proposed Order and Certificate of Service and paid the $15.00 motion fee.
Preliminary Motions
On May 12, 2011, the Court heard oral argument on Plaintiff Ken Harrington’s request to join as a Plaintiff in Case No. C-098-1210 (in which he was already a named Defendant), and the Court denied this request on the record and in a written order issued the same date.
The Plaintiff also requested that Fred R. Harrington Jr. be allowed to represent the Plaintiff in this case. The Court de *311 nied the request, making findings on the record, noting that Fred R. Harrington Jr. was not admitted to practice before the Little Traverse Bay Bands of Odawa Indians Tribal Court as required by court rules,[3] and, therefore, could not represent Ken Harrington in this matter.
Finally, the Defendant withdrew its motion for oral argument, stated that the Defendant would stand on its brief, and requested that the Court make its decision in this matter based upon the briefs in the file.
Defendant’s Argument
The Defendant Tribal Council points out that the Plaintiff has filed no responsive memorandum in opposition to the Defendant’s motion to dismiss as required by Court Rules. The Defendant argues that, in all fairness, the lack of submission of legal arguments in opposition, has severely limited its ability to properly prepare for the oral argument and, therefore, the Plaintiff should not be allowed to present oral argument or subsequent briefing on the motion to dismiss. To Plaintiffs statement that he is not an attorney, not familiar with court rules and should therefore be given some leeway, the Defendant responds that the Plaintiff admitted that he was aware of the court rules as a result of Case No. C-098-1210, in which the Court, with agreement by the Defendants, granted additional time to submit briefs.
Plaintiff’s Response
In James T. Deckrow v. Little Traverse Bay Bands of Odawa Indians, File No. 98-A-001-0998, the Plaintiff says, the Appellate Court established the right of the people to bring actions to redress grievances regardless of standing. Therefore, the Plaintiff concludes, he has a right to present oral argument and the Tribal Court must hear the case. This should not be a secretive process. He pointed out that in File No. C-098-1210, the Court allowed oral argument and time after the hearing for both parties to submit briefs. The Plaintiff points out that he is not an attorney and not aware of the court rules.
Conclusions of Law
The Defendant filed its motion to dismiss in accordance with the Little Traverse Bay Bands of Odawa Indians Rules of Civil Procedure (LTBBRCP), Rule XIII, including a memorandum as required by Rule XIII § 4(b)(2)(i)(cc). According to Rule XIII § 4(b)(2)(ii)(aa):
“A party opposing a dispositive motion must file all of the following documents with the Court and serve them on all opposing parties:
(aa) A memorandum.”
Unlike the Defendant who has complied with the court rules and filed a memorandum with its motion to dismiss, the Plaintiff has not filed a memorandum opposing the dispositive motion nor has he asked for oral argument. Further, the Defendant has withdrawn its request for oral argument.
The Plaintiff argues that the Deckrow case established the right of the people to redress grievances. The Court does not agree that this was a standing case that allowed any litigant, even one without *312 standing, to bring cases to court. In Deck-row, the Tribal Appellate Court remanded a case, which had been dismissed after a plaintiff failed to appear for a hearing, with the instructions that the plaintiff lacked proper notice and therefore a hearing must be held:
“due process and fairness require that motions and hearings require written notice to all parties, showing time and method of delivery in accordance with Tribal Court rules with such notice providing reasonable and adequate time for preparation of a defense.”[4] (Emphasis added).
The Plaintiffs position in this case is much different from the plaintiffs situation in Deckrow where the plaintiff was not given written notice of a hearing. In Chairman Harrington’s situation, he had written notice of the hearing, with a memorandum laying out the Defendants arguments and a motion to dismiss citing the Tribal Court rules, yet failed to oppose the motion by setting out what his arguments in opposition would be.[5] The Chairman also admitted in court that he was aware of the court rules insofar as the Defendants in his brother’s case had agreed to supplemental briefing even though the plaintiff had not followed court rules. The Court also finds that the Deckrow case bolsters the Defendants’ position, not the Plaintiffs, wherein the Appellate Court stated due process and fairness require that hearings require written notice to all parties that provides reasonable and adequate time for preparation of a defense. By Plaintiff failing to provide a written memorandum, the Defendants were at a disadvantage to present a defense to any arguments the Plaintiff might advance in oral argument. Because the Plaintiff had not requested oral argument, the Court allows the Defendants to withdraw its request for oral argument and stand on its brief.[6]
Finally, the Court observes that the complaint in Plaintiff Ken Harrington’s case is almost identical to the complaint filed by Plaintiff Fred Harrington in Case No. C-098-1210; likewise, the Defendant Tribal Council’s Answer and Affirmative. Defenses of sovereign immunity and standing in this case are similar to the defenses in Case No. 0098-1210. Both Plaintiffs have filed as private citizens; however, Ken Harrington, as Tribal Chairman, has additional rights and responsibilities not available to a private citizen.
Although the Court makes no ruling today on the constitutionality of the Gaming Delegation and Authority Statute, the Tribal Chairman is to be commended for his March 25 Memorandum in which he admitted that upon further reflection he believes that the “Gaming Delegation and Authority Statute” WOS 2010-021 is or may be unconstitutional and has come to court to set it right. However, the Plaintiff does not come to the Tribal Court with clean-hands.[7] See, Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293 (1933):
*313 “It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands.” Id. at 244, 54 S.Ct. 146.
Although the Plaintiff alleges that the Tribal Council has committed an unconstitutional act by passing the Gaming Delegation and Authority Statute, he was complicit in this statute becoming law. As the Tribal Chairman, the Plaintiff was uniquely positioned with the power of the veto to stop this legislation. However, he relinquished his right as an individual to challenge the constitutionality of the statute by signing it into law the next day after its passage by the Tribal Council. His best chance to challenge the law as Tribal Chairman would have been to veto the statute, in which case the Tribal Council would have had a steep hill to climb to override the veto because only four Councilors [8] had voted for its passage.
For all of the above reasons, the Court grants the Defendants motion to dismiss.
Therefore, it is ORDERED that the Defendant Tribal Council’s motion to dismiss is granted, and this case is DISMISSED.

. The signed, 03-25-11 Memorandum stated: "I, Ken Harrington Tribal Chairman for the Little Traverse Bay Bands of Odawa Indians after further review and consideration; I believe the “Gaming Delegation and Authority Statute” WOS 2010-021 is or may be UNCONSTITUTIONAL in accordance with the Little Traverse Bay Bands of Odawa Indians Constitution.”

. Note that Case No. C-098-1210 was filed by Fred R. Harrington Jr. on January 28, 2011, alleging essentially the same wrongdoing on the part of the Defendant Tribal Council, but differed in the fact that the Tribal Chairman, Ken Harrington, was also named as a Defendant in Case No. C-098-1210 whereas the Plaintiff Ken Harrington, in his complaint, does not name himself as a Defendant in his March 25 filing.

. The LTBB CONST, art. IX, § 1 requires that, "The Tribal Judiciary shall establish the practice and procedure in all courts of the Little Traverse Bay Bands of Odawa Indians, including qualifications to practice before the courts of the Tribe, provided that such procedural rules are consistent with this Constitution and the substantive laws of the Tribe.” Pursuant to this mandate, the Tribal Judiciary, on August 10, 2007, approved Chapter 14. Qualifications to Practice before the Courts.

. Id. at 2.

. See, LTBBRCP Rule XIII, § 4, (b)(3)(ii) "A party opposing a dispositive motion must serve and file all documents required no later than fourteen (14) days before the scheduled hearing date.” (Emphasis added).

. See, LTBBRCP Rule XIII, § 4, (b)(6) ‘‘Oral Argument Required: All dispositive motions shall be granted an oral argument if requested.” (Emphasis added).

.See, Black’s Law Dictionary 268 (8th ed. 2004): ‘‘Clean-hands doctrine. The principle that a party cannot seek equitable relief or assert an equitable defense if that party has violated an equitable principle, such as good faith. Such a party is describes as having "unclean hands.”

. Councilors Chingwa, Mulholland, J. Shana-naquet and R. Shananaquet voted yes; Councilors Bentley and Otto voted no; Councilor Bott abstained; and Councilors Bardwell and Kiogima were absent.